**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**B.H. AND K.H., INDIVIDUALLY AND**
**ON BEHALF OF D.H., A MINOR,** *et al.***,**

        **Plaintiffs,**

    v.

**OHIO DEPARTMENT OF EDUCATION**
**AND WORKFORCE,** *et al.***,**

        **Defendants.**

**Civil Action 2:26-cv-631**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Proceed Under Pseudonym (ECF No. 2). Plaintiffs filed their Complaint on May 22, 2026, identifying themselves as B.H, and K.H., individually and on behalf of D.H., a minor; T.P., individually and on behalf of E.P., a minor; and P. H-C., individually and on behalf of C.C., a minor. (ECF No. 1.) B.H., K.H., T.P., and E.P. are the parents of the minors they represent. (*Id.*) The claims in the Complaint arise out of allegations that Defendants, the Ohio Department of Education and Workforce and its Director, Stephen Dackin, failed to provide the procedural safeguards and due process rights Plaintiffs are entitled to under Individuals with Disabilities Education Act, resulting in substantial educational harm and the denial of a free and appropriate public education. (*Id.*)

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a

court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a plaintiff's privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F. 3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 561.

Here, the *Porter* factors support anonymity. Plaintiffs are minor children and their parents, and disclosure of the parents' identities could lead to public identification of minor children. *See Doe v. Southfield Pub. Schs.*, No. 24-10760, 2024 WL 1526084, at *2 (E.D. Mich. Apr. 8, 2024) ("Courts frequently permit parents bringing suit on behalf of minors to remain anonymous, to protect the minor's identity."). Moreover, Plaintiffs' claims involve the child Plaintiffs' disabilities, medical conditions, personally identifiable information, and information from their education records. (Pls.' Mot. 3, ECF No. 2.) These allegations involve information "of the utmost intimacy." *See Doe by & through Parent 1 v. Pickerington Loc. Sch. Dist. Bd. of Educ.*, No. 2:25-CV-1335, 2025 WL 3290706, at *2 (S.D. Ohio Nov. 26, 2025) (finding information concerning a minor's disability and individual education plan to be of the utmost intimacy). Further, Plaintiffs challenge governmental activity by alleging that a state agency violated students' rights under the IDEA. Finally, Defendants will not be prejudiced because

2

Defendants can identify Plaintiffs via the state complaint referenced in Plaintiffs' Complaint, and Plaintiffs have also offered to confidentially identify themselves to Defendants if necessary.

Under the circumstances, the Court finds compelling reasons to protect Plaintiffs' privacy and shield the minor Plaintiffs from discrimination and harassment. Therefore, Plaintiffs' Motion to Proceed Under Pseudonym (ECF No. 2) is **GRANTED**.

It is further **ORDERED** that:

(1)     In all publicly filed documents, Plaintiffs shall be identified only by their initials. All documents filed with this Court that contain Plaintiffs' names, or contain information that would permit identification of their names, directly or indirectly, shall be appropriately redacted or filed **UNDER SEAL**.[1] If filing under seal, the filing party must also contemporaneously file a public version with any identifying information redacted.

(2)     The parties shall take all other reasonable steps to prevent Plaintiffs' names from being disclosed.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[1] In accordance with S.D. Ohio Civ. Rule 5.2.1, any party wishing to file such a document with the Court must seek advance leave to file the particular document under seal.